
FILED
2021 Nov-05  AM 08:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **CONNIE ANDERSON**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21-CV-01356-CLM** |
| | ) | |
| **UNITED STATES et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Pro se plaintiff Connie Anderson filed a complaint (doc. 1) that pleads a claim against the United States under the Federal Tort Claims Act (FTCA) and state law claims of privacy, tort of outrage, intentional infliction of emotional distress, mental distress, aggravated criminal surveillance, violation of a restraining order, stalking, and aggravated identity theft against Twanda Robinson. Ms. Anderson also moved to proceed in forma pauperis without prepayment of the filing fee (doc. 2), moved to reinstate Case Number 4:19-cv-00488-KOB (doc. 4), and moved to hand deliver all pleadings to the judge (doc. 7). The court rules on the motions as follows:

- The court will **GRANT** the motion for leave to proceed in forma pauperis.
  - This ruling relieves Ms. Anderson of her obligation to pay the filing fee.

- The court will **DENY** the motion to reinstate Case #4:19-cv-0048-KOB.
  - The court dismissed this case without prejudice because the court did not have subject matter jurisdiction over the case. Ms. Anderson has not resolved the jurisdictional issues, so the court will not reinstate the prior case.

- The court will **DENY** the motion to hand deliver all pleadings to the judge.
  - Ms. Anderson must file all documents with the Clerk of Court at Hugo L. Black Courthouse in Birmingham, Alabama.

Having ruled on the motions, the court will also sua sponte **DISMISS** this case **without prejudice** for lack of jurisdiction, as explained below.

Ms. Anderson filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915(a), so the court reviewed her Complaint sua sponte for frivolousness, maliciousness, failure to state a claim, or stating a claim against an immune defendant. *See Dillard v. U.S. Department of Justice*, No. 2:12-cv-3875-JHH, 2013 WL 754781 (N.D. Ala. February 23, 2013). Upon review, the court was concerned that it did not have subject matter jurisdiction over Ms. Anderson's claims. If the court determines it lacks federal subject matter jurisdiction, it "must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). So the court issued an order to show cause (doc. 5) that asked Ms. Anderson to explain how this court can properly exercise jurisdiction over her claims.

In the order to show cause, the court provided an in-depth analysis of the issues (doc. 5). Ms. Anderson's response to the order to show cause (doc. 6) resolves none of the issues that the court presented. Because diversity of citizenship between the parties does not exist, the court specifically asked Ms. Anderson to explain why the court would have subject-matter jurisdiction over her FTCA claim. In both her complaint and in her response to the order to show cause, Ms. Anderson's fails to:

2

(1) identify a specific and binding federal statute, regulation, or policy requiring the FBI to investigate her claims against Robinson, (2) show that the discretionary function exception in the FTCA does not apply to the FBI's failure to investigate her complaints; and (3) show that she exhausted her administrative remedies under the FTCA. *See United States v. Gaubert*, 499 U.S. 315, 322 (1991); 28 U.S.C. § 2675(a).

* * *

When a federal court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). The court will dismiss without prejudice Ms. Anderson's action against the United States for lack of subject matter jurisdiction. *See* 28 U.S.C. §1331. The court will dismiss without prejudice Ms. Anderson's state law claims against Twanda Robinson because, without original jurisdiction over any claim that Ms. Anderson asserted in her complaint, the court cannot exercise supplemental jurisdiction over her state law claims. *See* 28 U.S.C. § 1367(a). The court advises Ms. Anderson that she has not properly pled an FTCA claim against the United States and that her claims against Twanda Robinson should be brought in state court, not federal court.

## <u>CONCLUSION</u>

The court will **GRANT** Ms. Anderson's motion to proceed in forma pauperis without prepayment of the filing fee (doc. 2). The court will **DENY** Ms. Anderson's motion to reinstate Case Number 4:19-cv-00488-KOB (doc. 4). The court will **DENY** Ms. Anderson's motion to hand deliver all pleadings to the judge. Having resolved those motions, the court will **DISMISS** this case **without prejudice**.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** on November 5, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE